# Commonwealth v. Outlan

*Jerry J. Russo,* assistant district attorney, for the commonwealth.

*David T. Kluz,* for defendant.

DOWLING, *J.,* October 10, 1989 — In this era of unprecedented drug-related criminal activity, we must not let the justifiable hue and cry override constitutional guarantees.

Harrisburg vice police on routine patrol in an unmarked vehicle in an area known to the officers as one of notorious drug activity, observed the defendant talking to one "Poncho," a drug dealer; and as the two of them parted, the dealer was seen counting money. Poncho spotted the police and fled. Defendant was detained, searched, and found in possession of drugs and drug paraphernalia. Was there probable cause for the stop and search?

A hundred years ago, when we were not so sensitive of citizen-police contacts, we read:

"No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of

others, unless by clear and unquestionable authority of law." *Union Pac. R. Co. v. Botsford*, 141 U.S. 250, 251 (1891).

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. ... " This inestimable right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted in his study.

The seminal case is, of course, *Terry v. Ohio*, 392 U.S. 1 (1968) which, inter alia, holds that a stop for investigative purposes is justified only if the police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot.

Countless cases throughout the nation have discussed and cited *Terry*. A recent and instructive decision is *Commonwealth v. Espada*, 364 Pa. Super. 593, 528 A.2d 968 (1987), wherein the Superior Court stated:

"These cases teach that in order for a stop to be reasonable, and therefore legal, under *Terry v. Ohio, supra,* the police officer's reasonable and articulable belief that criminal activity was afoot *must be linked with his observation of suspicious or irregular behavior on behalf of the particular defendant stopped.*" (emphasis supplied) The critical analysis of this situation lies in the fact that the bulk of the suspicious conduct was engaged in by a party other than the individual who was stopped and searched. It was Poncho who was counting the money, and it was Poncho who fled when he saw the police. All defendant was observed doing was talking with the dealer.

Suppose we should be accosted in traversing the streets and parks of our fair "all-American city" by a

254

drug dealer who engages in a conversation and then, perhaps, to flaunt his lucrative profession, pulls out a wad of money which he proceeds to count. Are we to be stopped and frisked? The answer is yes, in most countries of the world, but emphatically no in the United States of America in the year 1989.

Accordingly, we enter the following:

## ORDER

And now, October 10, 1989, defendant's motion for suppression is granted.